# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
December 14, 2011 Session

## LISA SMITH c/o RODTERRIUS M. TINNEL (DECEASED), ET AL. v. HFH, INC. d/b/a DHL AND PACIFIC EMPLOYERS INSURANCE COMPANY, ET AL.

**Appeal from the Circuit Court for Davidson County**
No. 11C1689      Amanda Jane McClendon, Judge

---

**No. M2011-02521-COA-R3-CV - Filed December 19, 2011**

---

This is an appeal from an order denying a motion for a default judgment.  Because the order appealed does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Court Of Appeals Dismissed

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Lisa Smith, Spring Hill, Tennessee, Pro Se.
Terry R. Clayton, Nashville, Tennessee, Pro Se.
John Edward Quinn, Nashville, Tennessee, for the appellee/defendant, Pacific Employers Insurance Company.

David J. Deming, Nashville, Tennessee, appellee/defendant, Pro Se.
G. Wayne Davis, Nashville, Tennessee, appellee/defendant, Pro Se.
John Edward Quinn, Nashville, Tennessee, for the appellee/defendant, HFH, Inc.

# MEMORANDUM OPINION[1]

The appellant, Lisa Smith, filed a notice of appeal from an order entered on November 9, 2011, denying her motion for a default judgment. The appellee, HFH, Inc. d/b/a/ DHL ("HFH"), has filed a motion to dismiss the appeal for lack of a final judgment. Ms. Smith has not filed a response in opposition to the motion to dismiss.

According to HFH's unopposed motion and supporting documents, Ms. Smith filed a pro se complaint against HFH and several other defendants on May 4, 2011. When HFH did not file an answer, Ms. Smith filed a motion for a default judgment. Counsel then entered a special appearance on behalf of HFH asserting that service on HFH was not effective pursuant to Tenn. R. Civ. P. 4.04(4) because the compliant and summons were served on an attorney who was not authorized to receive service on behalf of HFH. The trial court denied the motion for default judgment on November 9, 2011, and Ms. Smith filed a notice of appeal.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The November 9, 2011 order denying Ms. Smith's motion for a default judgment does not resolve any of the claims raised in Ms. Smith's complaint. Those claims all remain pending before the trial court. The November 9, 2011 order is thus not a final judgment and is not subject to an appeal as of right pursuant to Tenn. R. App. P. 3. Accordingly, the motion to dismiss must be granted.

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

HFH also requests that this court declare the appeal to be frivolous and award damages pursuant to Tenn. Code Ann. § 27-1-122. The lack of a final judgment in this case was clear, and Ms. Smith did not even respond to the motion to dismiss. Accordingly, we find the appeal to be frivolous pursuant to Tenn. Code Ann. § 27-1-122. The matter shall be remanded to the trial court for a determination of damages.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for a determination of damages for a frivolous appeal pursuant to Tenn. Code Ann. § 27-1-122, for entry of an appropriate judgment for such damages, and for further proceedings consistent with this opinion. The costs of the appeal are taxed to Lisa Smith for which execution may issue.


PER CURIAM